Filed 7/12/23  P. v. Segrest CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C096482 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 20F2070, 21F0072, 17F01393) |
| v. | |
| AARON ARTHUR SEGREST, | |
| Defendant and Appellant. | |

Defendant Aaron Arthur Segrest pleaded no contest to multiple charges, including assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1); count 2),[1] pursuant to an agreement between defendant and the trial court to which the prosecution objected. Defendant also admitted violating his probation.  The court deferred sentencing and released defendant to a rehabilitation program.  When defendant failed to complete the

---

[1] Undesignated statutory references are to the Penal Code.

1

program, the court sentenced him to an aggregate term of 11 years four months in prison, which included the upper term of four years on the assault charge.

On appeal, defendant seeks remand for resentencing pursuant to Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill No. 567). We agree that remand is required.

## FACTS AND PROCEEDINGS

The substantive facts underlying defendant's conviction are not relevant to our resolution of this appeal; thus, we need not present them in any detail. It suffices to say that in June 2021, defendant resolved two cases by agreement with the trial court over the objection of the prosecutor. In case No. 21F0072, defendant pleaded no contest to corporal injury to a cohabitant (§ 273.5, subd. (a); count 1), assault with a deadly weapon as a serious felony, and misdemeanor vandalism (§ 594, subd. (b)(2)(A); count 3) for incidents that occurred in January 2020. As to counts 1 and 2, defendant admitted a prior strike. In case No. 17F1393, he admitted violating his probation in a felony child abuse case.

The trial court and defendant agreed orally on the record to the following terms as recited by the court: defendant would plead no contest to all charges and enhancements (i.e., "to the sheet"), and the court would release defendant to a rehabilitation program. If defendant followed all program rules, successfully completed the program, tested clean, and did not leave the program without consent, the court would strike the prior strike and sentence him to probation. If he did not complete the program, the court admonished him that he would be "back here for sentencing and you will be getting 12 years in state prison which you will serve at 80 percent."

The only count for which any sentencing term was specifically discussed was "six years" as "the aggravated term on child endangerment," which was briefly mentioned by

both the trial court and defense counsel, but the mention of which was not acknowledged by defendant.[2]

A standard plea form was executed and listed the "aggregate maximum time of imprisonment" as 12 years in state prison, although the maximum sentences listed for each individual count added up to more than 12 years. There was nothing filled out in the portion of the plea form that was designated for terms of any plea agreement, including any agreed-upon sentence. The plea form further designated defendant's plea as an "open plea"; he initialed the form provision indicating his understanding of the maximum and minimum sentences as well as the *absence* of any sentencing agreement beyond that advisement. The prosecutor objected to the agreement and signed the plea form "reviewed for legal sufficiency only."

Approximately 10 months later, defendant admitted he had left the rehabilitation program and thus violated his agreement with the court. At the sentencing hearing held on May 19, 2022, the prosecutor referenced the "12-year maximum based on . . . the plea form" but without further reference then asked the trial court to sentence defendant to an aggregate term of 11 years four months in prison, composed of the upper term of four years for assault with a deadly weapon (count 2), doubled to eight years; one year (one-third the midterm), doubled to two years, for corporal injury to a cohabitant (count 1); and one year four months for "the felony VOP" (apparently a reference to the child abuse charge to which defendant had previously pleaded no contest in case No. 17F1393).

---

[2] This appears to have been a reference to case No. 17F1393, where defendant had admitted violating his probation in a child abuse case, but the record is unclear. It is clear, however, that there was no specific discussion of the upper term on the assault with a deadly weapon charge during the plea hearing. The Attorney General suggests otherwise, citing out of context a single reference by the trial court to "[e]ight years," but that reference was not expressly (or even impliedly) connected to the assault charge and appears instead to be a reference to a different charge when read in context.

Defense counsel objected to any prison sentence, seeking probation, but asked for a sentence, if given, of "not . . . more than nine years and four months" in prison.

The trial court referenced the transcript of defendant's plea and what it characterized as their agreement: " 'So you plead to the sheet. You plead to everything, and I am going to be sentencing you to 12 years if you violate.' [¶] You agreed to that term. It's contained in the transcript, and you unfortunately violated." The court did not indicate that it had no choice as to the sentence. The court continued to remind defendant that he had agreed to prison if he violated the rules of the program and his "agreement" with the court, and that he had done both, violating the court's trust in the process.

In case No. 21F0072, the trial court first imposed the upper term on the assault charge, count 2, indicating only that the aggravated term was imposed "as per the agreement." The court added a sentence of one-third the midterm or one year, doubled to two years, for corporal injury to a cohabitant; and one year in county jail to run concurrent for the vandalism count. In case No. 17F1393, the court sentenced defendant to one-third the midterm of one year four months on the child abuse charge.

The record does not show that the trial court specifically identified any aggravating factors at the time of the plea or at sentencing, either by name or by California Rules of Court rule number.

Defendant timely appealed and obtained a certificate of probable cause. After this court granted additional time to secure the augmented record and multiple requests by the parties to continue the briefing schedule, the case was fully briefed on March 27, 2023, and assigned to this panel shortly thereafter.

## DISCUSSION

Defendant contends he is entitled to resentencing in light of Senate Bill No. 567, which amended section 1170, subdivision (b) and limited the trial court's discretion to impose the upper term effective January 1, 2022. (Stats. 2021, ch. 731.) Specifically, defendant argues the upper term sentence on the assault charge does not comport with the

4

requirements of newly amended section 1170, because he did not stipulate to any fact in aggravation and no jury or judge found any fact in aggravation to be true beyond a reasonable doubt. The Attorney General argues that defendant stipulated to a sentence that included an aggravated term for the assault charge; thus, the court lacked discretion to impose anything other than the upper term. The Attorney General adds that if this court rejects his argument regarding lack of discretion, "the matter should be remanded with directions for the trial court to apply section 1170, subdivision (b), at a new sentencing hearing. At that hearing, applying the amended law, the court may again impose the upper term on count 2."

Senate Bill No. 567 applies retroactively to all cases not yet final on appeal on the legislation's effective date. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039 [Senate Bill No. 567 is an ameliorative change in the law applicable to all nonfinal convictions on appeal].) Under the amended version of section 1170, when a judgment of imprisonment is to be imposed and a statute specifies three possible terms, "the court shall in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in [§ 1170, subd. (b)(2)]." (§ 1170, subd. (b)(1).) Section 1170, subdivision (b)(2) provides that the trial court may impose a sentence exceeding the middle term "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

Although the Attorney General argues no discretion was exercised by the trial court in imposing what his briefing argues was a stipulated upper term sentence on the assault charge, the procedural circumstances of the instant case are clearly distinguishable from those in *People v. Mitchell* (2022) 83 Cal.App.5th 1051 at pages 1057 through 1059, review granted December 14, 2022, S277314 (holding there was no opportunity for the court to exercise discretion at sentencing, because the court sentenced the defendant

5

to the upper term pursuant to a stipulated plea that specifically agreed to the upper term). First, the agreement here was *not* between the parties, as was the agreement in *Mitchell*, which would limit the trial court to the choices of accepting or rejecting the stipulated sentence as a package with its acceptance or rejection of the plea agreement, as explained in *Mitchell* at pages 1057 through 1058. Any "stipulated sentence" here stemmed from an oral offer by the court that was accepted by defendant over the prosecutor's objection and was not memorialized in the written plea agreement.

Second, although any agreement even arguably entered here specified 12 years in state prison if defendant did not perform as promised, the trial court *did not sentence* defendant to 12 years in prison. Thus, the court not only *had* discretion to sentence defendant to something other than 12 years in prison, but it also exercised its discretion to do so, and it did so. The court's observation that defendant had agreed to a prison term, which at times the court specified as 12 years in prison, appears more correctly characterized as a *reason* the court *was exercising its discretion* to impose an aggregate sentence close to 12 years in prison (that included the upper term on the assault charge), rather than an expression of *lack* of discretion to impose a lesser sentence. But the fact that the court had a reason--and perhaps a very good one--to do what it did does not translate to inability to exercise discretion. Rather, it translates to reluctance to exercise discretion to reduce defendant's sentence from the 12 years in prison discussed at the time of the plea. This was certainly within the court's prerogative, but in doing so the court was required to follow the dictates of the newly amended statute.

As we have outlined *ante*, no specific stipulation to the upper term sentence on the assault charge appears in the record. Further, it does not appear the trial court lacked discretion in sentencing defendant; indeed, its exercise of discretion is evident from our review (and recitation, *ante*) of the record. The court cited no aggravating factors in imposing the upper term sentence on count 2 as a component of the 11-year, four-month sentence, and made no findings beyond a reasonable doubt as are now required to support

6

the discretionary imposition of an upper term sentence.

Because the court was not precluded from exercising discretion in sentencing, and it sentenced defendant to an upper term sentence without consideration of aggravating factors as required by Senate Bill No. 567, remand is required unless " 'the record "clearly indicate[s]" that the trial court would have reached the same conclusion' under the law as it now exists." (*People v. Banner* (2022) 77 Cal.App.5th 226, 242.)

The Attorney General does not make this argument, and we cannot discern what, if any, aggravating factors were relied upon by the trial court in imposing the upper term on the assault charge. As we have explained, the court justified its decision primarily by reference to the "agreement" and defendant's violation thereof. However, we do not disagree with the Attorney General's assertion that if the current statutory provisions are appropriately considered and applied, the court is not precluded on remand from selecting an upper term sentence. Indeed, defendant does not argue otherwise in reply. On this record, we conclude remand is appropriate.

## DISPOSITION

Defendant's sentence is vacated, and the matter is remanded for full resentencing in compliance with the current law. The judgment is otherwise affirmed.

/s/  
Duarte, Acting P. J.

We concur:

/s/  
Boulware Eurie, J.

/s/  
Mesiwala, J.

7